Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**FILED**

Jonathan K Speaks
5691 Hill Oak Dr.
Los Angeles, CA. 90068
323.788-5300
Villains and Rogues @ icloud.com
        Icloud.com

# UNITED STATES DISTRICT COURT

for the

Southern District of California

Los Angeles Division

2024 SEP 23 PM 3:30
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CAL'F.
LOS ANGELES

ASH

Jonathan King Speaks, In Propria Persona

Case No. 2:24cv8160-VBF(DTB)

*(to be filled in by the Clerk's Office)*

)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

)
)
)
)
)

Jury Trial: *(check one)*  ☑Yes  ☐No

-v-
State of California/ City of Los Angeles
CA Department of Alcoholic Beverage Control (ABC)
Los Angeles Police Department (LAPD)
Department of Building and Safety
Los Angeles County Health Department

)
)
)
)
)
)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jonathan King Speaks |
| Address | 5691 Hill Oak Dr. |
| | Los Angeles                    CA              90068 |
| | *City*                          *State*          *Zip Code* |
| County | Los Angeles |
| Telephone Number | 3237885300 |
| E-Mail Address | villainsandrogues@icloud.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | California Department of Alcoholic Beverage Control (ABC) |
| Job or Title *(if known)* | General Counsel - Matthew D. Botting |
| Address | 3927 Lennane Drive, Suite 100 |
| | Sacramento                    CA              95834 |
| | *City*                          *State*          *Zip Code* |
| County | Sacramento |
| Telephone Number | (916) 419-2500 |
| E-Mail Address *(if known)* | matthew.botting@abc.ca.gov |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Los Angeles Police Department (LAPD) |
| Job or Title *(if known)* | Chief of Police - Michel Moore |
| Address | 100 W 1st St |
| | Los ANgeles                    CA              90012 |
| | *City*                          *State*          *Zip Code* |
| County | Los Angeles |
| Telephone Number | (877) 275-5273 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non--Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Department of Building and Safety |
| Job or Title *(if known)* | General Manager - Osama Younan |
| Address | 201 N Figueroa St |
| | Los Angeles                    CA          90012 |
| | *City*                         *State*     *Zip Code* |
| County | LosAngeles |
| Telephone Number | (213) 473-3231 |
| E-Mail Address *(if known)* | |

☐ Individual capacity      ☑ Official capacity

Defendant No

| | |
|---|---|
| Name | Please See Attachment A for Defendant's 4 and 5 and 6 |
| Job or Title *(if known)* | |
| Address | |
| | |
| | *City*                         *State*     *Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity      ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? Plaintiff and business endured a sustained campaign of harassment from Defendants, primarily following the public disclosure that Hyperion Public was a minority-owned business. This harassment included:Harrassment inspections, Intimidation by LAPD officers, ABC agents, and Building and Safety inspectors. The forced removal of critical business infrastructure based on fabricated violations. Retaliatory actions, including the unfair surrendering of Plaintiff's Type 47 Liquor License, at same time.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please see Attachment B

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?
The events giving rise to my claim occurred in the City of Los Angeles, California, specifically at Hyperion Public, located at 2538 Hyperion Avenue, Los Angeles, CA 90027. These events also involved various locations throughout Los Angeles, including interactions with the California Department of ABC, the LAPD, the Department of Building and Safety, and the Los Angeles County Health Department during inspections, enforcement actions, and targeted harassment between 2021 and 2024.

B.    What date and approximate time did the events giving rise to your claim(s) occur?
The events giving rise to my claim occurred over an extended period from January 2021 to January 2024, with key incidents including: January 15, 2021: At approximately 11:00 PM. February 18, 2022: At approximately 9:00 PM, multiple agencies, including the LAPD and the Department of Building and Safety. January 16, 2024: ABC Surrenders Lic W/O communicatin, leading to closure the following day. Jan 19 approx midmight, failed sting opperation.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
Targeted Harassment: Following the public disclosure that Hyperion Public was a minority-owned business, experienced a significantly higher number of inspections and enforcement actions compared to similar businesses in the area. Between January 2021 and January 2024, Hyperion Public was subjected to 12 separate inspections by various agencies, while similar businesses received only 2 inspections in the same time frame.

Coordinated Enforcement: On February 18, 2022, at approximately 9:00 PM, multiple agencies, including the LAPD and the Department of Building and Safety, conducted a coordinated inspection of Hyperion Public. Despite finding no significant violations, these agencies repeatedly targeted my business with unjust and excessive scrutiny. Witnesses to this event include employees Sadie Spangler, Adrienne Reishus, and Brian Alvarenga, as well as Raymond Jann, my landlord, and myself.

cont.: - Please see Attachment C

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Financial Injuries:

Loss of Business Revenue: The unjust surrender of my liquor license and the forced closure of Hyperion Public caused a complete halt in business operations. Over the course of the next 52 years, this closure is projected to have resulted in $145.6 million in lost revenue and business opportunities.

Lost Opportunities for Expansion: Hyperion Public had potential for expansion, including partnerships and franchise deals that were actively being pursued. The forced closure terminated these opportunities, resulting in an estimated $10-20 million in lost future growth.

Personal Financial Ruin: As a result of the closure, I incurred substantial personal debt and have been left unable to maintain my livelihood.

Emotional and Psychological Injuries:

Emotional Distress: The ongoing harassment and eventual closure of my business have caused severe emotional trauma. I have experienced prolonged stress, anxiety, and emotional distress, as my business, which I built over a decade, was unfairly destroyed.

Health Impacts: Due to the extreme stress caused by the harassment and closure of Hyperion Public, I was hospitalized in January 2024 for a stress-induced illness. I was admitted to Cedars-Sinai Hospital, where I stayed for three days, and I now suffer from chronic stress-related health conditions, including scarring across 70% of my body.

Please see Attachment D

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

In this case, I am seeking the following relief from the court:

# Please see Attachment E

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    9/23/24

Signature of Plaintiff

Printed Name of Plaintiff    Jonathan King Speaks

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

| City | State | Zip Code |
| --- | --- | --- |

Telephone Number

E-mail Address

**Attachment A**

# Defendant Information List: Cont.:

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No 4

Name **Los Angeles County Health Dept**

Job or Title *(if known)* **Barbara Ferrer, Director**

Address **313 N. Figueroa Street, Room 806**

| **Los Angeles,** | **CA** | **90012** |
|---|---|---|
| *City* | *State* | *Zip Code* |

County **Los Angeles**

Telephone Number **(213) 240-8117**

E-Mail Address *(if known)*

☐ Individual capacity ☑ Official capacity

Defendant No 5

Name **City of Los Angeles**

Job or Title *(if known)* **Mayor - Karen Bass**

Address **200 N Spring St.**

| **Los Angeles,** | **CA** | **90012** |
|---|---|---|
| *City* | *State* | *Zip Code* |

County **Los Angeles**

Telephone Number **(213) 978-1028**

E-Mail Address *(if known)*

☐ Individual capacity ☑ Official capacity

Defendant No 6

Name **State Of California**

Job or Title *(if known)* **Rob Bonta, Attorney General**

Address **California Attorney General's Office, 1300 I St.**

| **Sacremento,** | **CA** | **95814** |
|---|---|---|
| *City* | *State* | *Zip Code* |

County **Sacremento**

Telephone Number **(916) 445 - 9555**

E-Mail Address *(if known)*

☐ Individual capacity ☑ Official capacity



# Attachment B

## D. (CONT. 1)

## II, Basis for Jurisdiction

**California Department of Alcoholic Beverage Control (ABC):**

- **Under Color of State Law**: The ABC acted under California Business and Professions Code §23000 et seq., governing the licensing, regulation, and enforcement of alcoholic beverage licenses.

  - **California Business and Professions Code §24200**: Grants authority to suspend or revoke licenses but mandates that the Department act within due process and without bias. ABC's actions ignored due process, conducting an unfair targeting campaign against Hyperion Public.

  - **California Government Code §12940(h)**: Prohibits discrimination, harassment, and retaliation. The ABC's enforcement actions and failure to provide fair treatment and notice can be seen as discriminatory and retaliatory.

  - **California Penal Code §422.6**: Prohibits harassment or actions depriving civil rights through intimidation, which applies to the ABC's excessive and targeted inspections of Hyperion Public.

  - **California Penal Code §532**: Prohibits fraud and deceit. The ABC's renewal of Plaintiff's license while simultaneously pushing for its surrender under false pretenses demonstrates deceptive and fraudulent practices.

  - **California Government Code §11500**: Outlines fair administrative adjudication, which was violated by the ABC's failure to provide proper notice and due process.

  - **California Government Code §8547**: Protects whistleblowers reporting government abuse. Plaintiff's attempts to raise awareness of targeting were ignored, violating protections against governmental abuse.

**Attachment B**

**D. (CONT. 2)**

## II, Basis for Jurisdiction

**City of Los Angeles:**

- **Under Color of Local Law**: The City of Los Angeles acted through its ordinances and enforcement powers.

    - **LAMC §11.00**: Prohibits city officials from acting fraudulently or abusively. City inspectors engaged in excessive and unwarranted inspections against Hyperion Public, violating these provisions.

    - **LAMC §98.0301**: Mandates fair issuance of citations. The City's excessive actions were motivated by discriminatory and biased treatment toward Plaintiff's business.

    - **California Government Code §12940(h)**: Prohibits harassment and discrimination by government officials. The City's actions, targeting Hyperion Public, exemplify a hostile business environment.

    - **California Penal Code §422.6**: Applies to any City officials involved in discriminatory enforcement practices based on Plaintiff's race.

    - **California Business and Professions Code §17200**: Prohibits unfair business practices, including those carried out by city officials in their efforts to unfairly target and harm Hyperion Public.

**Los Angeles Police Department (LAPD):**

- **Under Color of State and Local Law**: LAPD acted under California Penal Code and Los Angeles Municipal Code.

    - **California Penal Code §422.6**: LAPD officers engaged in harassment and intimidation, violating Plaintiff's civil rights.

    - **California Penal Code §147**: LAPD engaged in oppressive and fraudulent conduct by repeatedly issuing false citations and conducting baseless investigations.

    - **California Penal Code §832.5**: LAPD failed to investigate Plaintiff's claims of harassment and targeting, violating the obligation to address complaints.

    - **California Penal Code §484**: LAPD officers knowingly participated in fraudulent actions against Hyperion Public, issuing citations based on discriminatory and false premises.

    - **LAMC §11.00**: LAPD engaged in misconduct and harassment during their inspections of Hyperion Public, violating Plaintiff's rights.

# Attachment B
## D. (CONT. 3)

## II, Basis for Jurisdiction

**Department of Building and Safety (Los Angeles):**

- **Under Color of State and Local Law**: The Department of Building and Safety acted under the California Building Standards Code and Los Angeles Building Code.

    - **California Penal Code §424**: The Department engaged in fraudulent misuse of power through baseless inspections and citations.

    - **California Penal Code §422.6**: The Department's actions amounted to discriminatory harassment of Hyperion Public, especially given its minority-owned status.

    - **LAMC §98.0403**: Requires fair inspections and prohibits the use of discriminatory or improper motives, which were violated through the Department's actions.

    - **California Business and Professions Code §17200**: Prohibits the Department's fraudulent and unfair actions that unfairly targeted Hyperion Public and damaged its business.

**Los Angeles County Health Department:**

- **Under Color of Local and State Law**: The Los Angeles County Health Department operated under California Health and Safety Code and Los Angeles County Codes.

    - **California Penal Code §422.6**: Health inspectors engaged in discriminatory practices, using excessive inspections as harassment based on Plaintiff's race and business status.

    - **California Health and Safety Code §1159**: Public health officers failed to act within the bounds of fairness, conducting excessive inspections and issuing baseless citations.

    - **California Business and Professions Code §17200**: The Department's actions, targeting Hyperion Public, were part of an unfair scheme to harm Plaintiff's business.

# Attachment B
## D. (CONT. 4)

## II, Basis for Jurisdiction

**State of California:**

- **Vicarious Liability**: The **State of California** bears responsibility for the actions of its agents, particularly those involved in regulatory oversight and enforcement, including the **ABC** and other state-level departments.

- **Under Color of State Law**: The actions taken by state agencies against **Hyperion Public** are actionable under **42 U.S.C. Section 1983**, which holds government entities and employees accountable for civil rights violations while acting under color of state law.

**Additional Codes and Legal Theories for Fraud, Bullying, and Intimidation:**

- **California Civil Code §51.7 (Ralph Civil Rights Act)**: Protects against violence or threats of violence based on race, color, or ancestry. The excessive targeting and harassment of Hyperion Public constitutes racial intimidation and civil rights violations.

- **California Civil Code §52.1 (Bane Act)**: Protects individuals from interference with their civil rights through intimidation and coercion. The combined actions of all defendants infringed on Plaintiff's civil rights.

- **California Penal Code §422**: Prohibits willful threats intended to cause fear for safety. The coordinated actions of all agencies amounted to intimidation and implied threats of violence through abuse of power.

-

# Attachment C

## C. (CONT.)

## III. Statement of Claim

3. **Unjust Surrender of Liquor License**: On **January 16, 2024**, the ABC unjustly forced the surrender of my liquor license based on minor paperwork discrepancies from **2018**, despite allowing me to renew the license previously. This action directly led to the closure of Hyperion Public the following day. No prior notice or opportunity to defend against the revocation was provided, in violation of due process.

4. **Racial Bias and Discrimination**: Throughout the series of inspections, I and my witnesses observed that officials ignored complaints that my business was being unfairly targeted. On multiple occasions, I personally informed the inspectors that I believed the actions against my business were racially motivated. Witnesses, including employees **Brian Alvarenga**, **Adrian Reshius**, and my son **Mars Speaks**, can confirm these events.

5. **Violation of the Unruh Civil Rights Act (California Civil Code Section 51)**: The targeting and harassment of Hyperion Public violated the **Unruh Civil Rights Act** by subjecting my business to **discriminatory treatment** based on race. The disproportionate number of inspections and aggressive enforcement actions directly stemmed from my business being **minority-owned**, which falls under the protections offered by the Unruh Act against racial discrimination.

6. **Violation of the United Nations Declaration on the Rights of Indigenous Peoples (DRIPS)**: The actions of the government agencies involved represent a **systematic violation of my civil rights** and economic opportunities. This conduct contradicts international principles, such as those outlined in the **United Nations Declaration on the Rights of Indigenous Peoples (DRIPS)**, which protect the rights of individuals and communities to freely engage in business and economic activities without fear of **discrimination or harassment**. Hyperion Public's closure constitutes an infringement upon those rights and principles, further emphasizing the systemic discrimination at play.

The systematic targeting, unjust enforcement actions, and ultimate closure of Hyperion Public were not isolated incidents but rather part of a broader pattern of racial discrimination, retaliation, and abuse of power by government agencies.

# Attachment D

## IV . Injuries (CONT.)

**Reputational Damage**:

**Harm to My Reputation**: The closure of Hyperion Public, based on false or exaggerated accusations, has significantly damaged my reputation in the community and business world. The accusations have caused lasting harm to my credibility and standing, affecting my ability to operate future businesses and secure partnerships.

**Loss of Trust**: My business was a community hub, and the nature of the accusations has led to a loss of trust from both customers and professional associates. Rebuilding my reputation will be a long-term struggle.

**Loss of Generational Wealth**:

The closure of Hyperion Public not only affected me but also deprived my family of the opportunity to build significant generational wealth. Over the next 52 years, the business had the potential to generate **$149.76 million** in future revenue, including expansion into other markets and franchising opportunities. This loss represents a devastating blow to my family's financial future.

# Attachment E

**(CONT. 1)**

## V.    Relief

### 1. Compensatory Damages:

The plaintiff seeks compensatory damages against all defendants, including the **State of California**, for their direct and vicarious roles in the coordinated harassment, targeting, and closure of **Hyperion Public**, which resulted in significant financial losses, emotional distress, and damage to the plaintiff's reputation and business prospects. The actions of the defendants, including the California Department of Alcoholic Beverage Control (ABC), the Los Angeles Police Department (LAPD), the Department of Building and Safety, and the Los Angeles County Health Department, directly violated the plaintiff's civil rights and caused lasting harm. The **State of California** is held responsible for the actions of its agents within the ABC and other agencies, which unlawfully enforced regulations and violated the plaintiff's constitutional protections under **42 U.S.C. § 1983**. The damages include, but are not limited to:

- **Lost Business Revenue and Future Earnings**: The wrongful closure of **Hyperion Public** led to immediate financial losses, including lost revenue and future earnings over the next 52 years, totaling **$149.76 million**.

- **Lost Opportunities for Business Expansion and Generational Wealth**: The plaintiff was deprived of opportunities to expand **Hyperion Public**, including potential franchising and future ventures, leading to additional projected losses of **$50-75 million** in generational wealth.

- **Emotional Distress**: The prolonged harassment, unfair enforcement, and eventual closure of the business caused the plaintiff severe emotional distress, including long-term health impacts, estimated at **$3 million**.

- **Medical and Health Costs**: The plaintiff incurred medical expenses related to stress-induced health issues directly resulting from the actions of the defendants, estimated at **$500,000 - $1 million**.

- **Reputational Damages**: The public nature of the accusations and the unjust targeting significantly harmed the plaintiff's reputation, resulting in **$2 million** in damages.

- **Total Compensatory Damages Sought**: **$191.16 million to $196.56 million**, including lost revenue, emotional distress, health costs, and reputational damage.

# Attachment E

## (CONT. 2)

## V.   Relief

### 2. Punitive Damages:

The plaintiff seeks punitive damages against the **State of California** and all other defendants for their egregious and racially motivated actions, which demonstrated malicious intent, reckless disregard for the plaintiff's rights, and abuse of governmental power. These punitive damages are intended to punish the defendants for their unlawful behavior and to deter future misconduct by government agencies. The plaintiff seeks **$50 million - $100 million** in punitive damages.

### 3. Injunctive Relief:

The plaintiff requests injunctive relief requiring the **State of California** and its agencies, particularly the California Department of Alcoholic Beverage Control (ABC), to cease discriminatory enforcement practices, particularly against minority-owned businesses. This includes the implementation of new oversight protocols to prevent racial targeting, biased inspections, and unjust business closures. The court should mandate systemic changes within the state's regulatory framework to ensure that future enforcement actions are free from racial bias and discrimination.

### 4. Declaratory Relief:

The plaintiff seeks a declaration from the court that the defendants' actions, including those of the **State of California** and its agencies, violated the plaintiff's civil rights under **42 U.S.C. § 1983** and other applicable state and federal laws. Such a declaration will affirm the plaintiff's rights and establish that the coordinated actions of the defendants were unlawful.

### 5. Attorneys' Fees and Costs:

The plaintiff seeks an award of attorneys' fees and costs of suit pursuant to **42 U.S.C. § 1988(b)**, which provides for reasonable attorneys' fees in civil rights actions, as well as other applicable laws. The plaintiff requests that the court order the defendants, including the **State of California**, to cover all legal expenses related to this case.

### 6. Other Relief:

The plaintiff seeks any other relief the court deems just and proper, including but not limited to, an award of interest on the compensatory damages and any further remedies that may be necessary to rectify the harm caused by the defendants' unlawful actions.

Page 15 of 15